THOMPSON (KIBBE v.). See Case No. 7,754.

### Case No. 13,962.
THOMPSON et ux. v. KING.
[3 Cranch, C. C. 662.] [1]
Circuit Court, District of Columbia. April 5, 1832.[2]

SPECIFIC PERFORMANCE — AGREEMENT — IMPROVEMENTS.

The court will decree a specific execution of an agreement to convey real estate, although the evidence of the conclusion of the agreement be not very clear, if the party in expectation of such an agreement has been put into possession, and has made valuable and expensive improvements upon the property.

The bill, in this case, states the intermarriage of the plaintiffs in 1812, or 1813, the

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Reversed in 9 Pet. (34 U. S.) 204.]

wife being the daughter of George King, who was then universally supposed to be wealthy, and was seized of a house and lot in Cecil alley, in Georgetown, which was very much out of repair, and which the plaintiff Josiah, at the request of the said George King, who said he always intended that property for his daughter, (the plaintiff,) repaired, at the expense of $4,000, and occupied it until 1816, when he removed to the western country. The bill then states that a correspondence was carried on between the plaintiff Josiah and the said George King, respecting the house and lot, which closed with George King's letter of the 29th of April, 1816, accepting the plaintiff Josiah's first proposition, in his letter of the 28th, to take the property at its worth before the repairs, and offering to convey part of the property to the plaintiff Josiah, and the residue to his wife; provided she would not part with it during her life. After this, George King leased the property, as agent for the plaintiff Josiah, and received the rents for him, and accounted with him for them, and always acknowledged the plaintiff's right to the property until his (George King's) death, in the year 1820. (See the letters in the report of the case, 9 Pet. [34 U. S.] 204.) The defendants are the heirs at law of George King. The bill then prays that the defendants may be decreed to convey the property to the plaintiffs, or, if that cannot be done, that the property may stand charged with the amount of the repairs and improvements; and for general relief. The defendants, in their answer, say, that being unapprised of the facts stated in the bill, they neither admit nor deny them, but submit them to the jurisdiction of the court.

CRANCH, Chief Judge. The evidence does not, in my opinion, establish any contract for the conveyance of the lot to the plaintiffs, which can be decreed to be specifically executed; but it shows expensive and permanent improvements and repairs, made by Josiah Thompson, under the expectation, encouraged by George King, that the property should be conveyed by him to the plaintiffs, or to one of them; an expectation which seems to create an equity in favor of J. Thompson; but whether it creates a special lien on the property, so as to give him a right to priority of payment, I am not yet satisfied.

THE COURT, however, on the 5th of April, 1832 (CRANCH, Chief Judge, absent), pronounced a decree, directing a conveyance in fee of the property claimed in the bill to Josiah Thompson.

[An appeal was taken to the supreme court, which reversed this decree, and ordered the remandment of the cause to the circuit court. 9 Pet. (34 U. S.) 204. Subsequently this court directed the sale of the property. See Case No. 13,963.]